# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JUAN ZAPIEN-PACHECO, | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV416-152 |
| | ) | CR413-129 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Having pled guilty to, and been sentenced for, being an illegal alien in possession of a firearm and for carrying a firearm during and in relation to a drug trafficking crime, (doc. 144 (plea agreement)[1], doc. 145 (judgment) (entered January 23, 2014)), Juan Zapien-Pacheco moves under 28 U.S.C. § 2255 to vacate his carrying conviction. Doc. 34. Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that his motion must be denied.

After the Court sentenced him to 100 months' imprisonment (doc. 145), Zapien-Pacheco never appealed. His conviction thus became final

---

[1] All citations are to the criminal docket unless otherwise noted and all page numbers are those imprinted by the Court's docketing software.

on February 6, 2014. Fed. R. App. P. 4(b)(1)(A) (criminal defendants must file a notice of appeal within 14 days of the entry of judgment). He filed the instant § 2255 motion almost two years later. Doc. 240 at 2 (filed June 14, 2016). In it he argues that *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), voids his 18 U.S.C. § 924(c) conviction for carrying a firearm during and in relation to a drug trafficking crime. Doc. 240 at 3.

The Armed Career Criminal Act ("ACCA") -- the statute *Johnson* addressed -- provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." It defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* found that "residual" clause so vague as to violate due process. *See* 135 S. Ct. at 2557. Importantly, it said nothing about "serious drug offenses," which remain a valid basis for ACCA enhancements. *See id.* at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the

remainder of the Act's definition of a violent felony," much less its definition of "serious drug offense").

Even assuming it applies at all to § 924(c),[2] *Johnson* provides Zapien-Pacheco no succor here. Under § 924(c), a person cannot use or carry a firearm during or in relation to "any crime of violence *or* drug trafficking crime." 18 U.S.C. § 924(c)(1)(A) (emphasis added). Although one clause of its crime of violence definition reads similarly to ACCA's residual clause (and thus *Johnson*'s logic may well apply), Zapien-Pacheco committed a drug trafficking offense.

As the Government aptly put it, "*Johnson* has no conceivable application in that context." Doc. 244 at 3. That's because *Johnson* says nothing about the viability of "serious drug offense"[3] predicates. *See* 135 S. Ct. at 2563. The term "drug trafficking crime" in § 924(c)(1)(A) covers

---

[2] Some courts have found that it does. *See, e.g., United States v. Baires-Reyes*, 2016 WL 3163049 at * 5 (N.D. Cal. June 7, 2016) (finding that § 924(c)'s residual clause is unconstitutionally vague). In this circuit it remains an open question. *See In re St. Fleur*, ___ F.3d ___, 2016 WL 3190539 at * 3 (11th Cir. June 8, 2016).

[3] Under ACCA, "serious drug offense" means, among other things, "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

3

similar ground as that ACCA phrase.[4] And just as *Johnson*'s logic failed to implicate drug offenses in the ACCA context, so too does it not apply to "drug trafficking crimes" for purposes of § 924(c).

It follows that Zapien-Pacheco cannot look to *Johnson* and § 2255(f)(3) to define when his one-year statute of limitations began to run. Instead, he's relegated to § 2255(f)(1), which dictates that the clock started the day his conviction became final (February 6, 2014). His time to file for § 2255 relief thus expired on February 6, 2015, so his motion is untimely by well over a year (he did not file it until June 14, 2016, doc. 240 at 2).[5]

Accordingly, Juan Zapien-Pacheco's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of

---

[4] "Drug trafficking crime" under § 924(c)(2) "means any felony punishable under the Controlled Substances Act."

[5] Equitable tolling can, in exceptional circumstances, allow untimely motions to proceed. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). So can a "'fundamental miscarriage of justice'" that "'has probably resulted in the conviction of one who is actually innocent.'" *Fail v. United States*, 2016 WL 1658594 at * 4 (S.D. Ga. Mar. 24, 2016) (quoting *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013)). Zapien-Pacheco invokes neither tolling nor the miscarriage exception, and offers no new evidence or exceptional circumstances to trigger either.

4

the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

**SO REPORTED AND RECOMMENDED** this <u>25th</u> day of July, 2016.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA